## MENDEL PINCUS, Respondent, v. S. AARON et al., Appellants.

### No. 1759; March 12, 1869.

Trial—Verdict.—When the Evidence has been conflicting, the verdict of the jury is allowed to stand as correct.

Bills and Notes—Waiver of Presentation and Protest.—When all the circumstances go to prove that one who became the indorser of a note did so for the express purpose of having an extension given the maker for payment, that he knew the note would not be paid at maturity, which, counting the three days grace, would be four days after date, and that none of the parties contemplated a presentation formally on the day of maturity, there is shown by such circumstances that when indorsing the note the person concerned, by implication at least, waived presentation, notice and protest.

Bills and Notes—Failure to Present—Promise by Indorser.—An indorser of a note who, after its maturity, has full notice that it has not been presented for payment, nor protested for nonpayment, and with such notice has promised to pay the note, is bound by the promise.

APPEAL from Twelfth Judicial District, San Francisco County.

R. C. Harrison, for respondent; G. F. & W. H. Sharp, for appellants.

CROCKETT, J.—On the 21st of June, 1865, the defendants Aaron & Bro., made their promissory note for two thousand one hundred dollars, payable to the plaintiff one day after date, with interest from date, until paid. The defendant Rosenberg indorsed the note, before its delivery to the plaintiff, with the intent to become bound as guarantor for the debt. When the note matured and became payable, there was no demand on the makers for payment, nor any protest for nonpayment, nor formal notice to Rosenberg that the note remained unpaid. In order to excuse the want of demand, protest, notice, the complaint avers in substance, that the note was given to secure an antecedent debt due from Aaron & Bro. to the plaintiff; that Aaron & Bro. desired an extension of the time for payment; and Rosenberg agreed, if the plaintiff would extend the time, he would indorse their note for the amount, payable at a future day; to which arrangement the plaintiff consented, and thereupon the note was made, executed, indorsed and delivered; that at the date of the note and when it matured, Aaron & Bro. were nonresidents of this state; that the note was made, indorsed and delivered on the day of its date in the city of San Francisco, by one of the members of the firm of Aaron & Bro., who was then on his way to Montana Territory, where he resided, and who left for his home on the afternoon of the same day; that the other member of that firm has not resided in this state at any time since the making of the note, and neither the firm or either member of it had then or at any time since any place of business in this state; that when Rosenberg indorsed the note, he knew all the foregoing facts, and that S. Aaron, who made the note on behalf of his firm, intended to leave for Montana on that day, and he knew that he did in fact leave that afternoon, and that it would be impossible for the plaintiff to demand payment of the makers on the day the note matured; that Rosenberg, both at the time he indorsed the note and after its maturity, waived

the demand of payment, protest and notice; and after the maturity of the note, promised to pay it.

The answer of Rosenberg denies all the material averments of the complaint, except the making, indorsement and delivery of the note; and claims that he is released as guarantor, for want of demand, protest and notice. The cause was tried by the court without a jury; but there were no findings; and after hearing the proofs, the court entered judgment against Rosenberg, who moved for a new trial, on the ground that the evidence was insufficient to justify the decision and judgment. The motion was denied and he has appealed. We need not repeat (what we have already so often decided) that when the evidence is conflicting we will not disturb a verdict, finding or decision, on the ground that it is not supported by the evidence. It only remains for us to inquire whether there was any evidence tending to support the judgment. In order to excuse the want of demand, protest and notice, it was incumbent on the plaintiff to aver and prove, either a previous waiver by the indorser, or a subsequent promise by him to pay, after notice of the laches of the holder. In this case there was not only testimony tending to prove both propositions, but, in our opinion, the weight of the evidence supports the judgment. From all the proofs, considered as a whole, we are satisfied it was fully understood when Rosenberg indorsed the note that considerable indulgence was to be extended by the plaintiff to Aaron & Bro.; and that Rosenberg consented to indorse it for the express purpose of procuring the extension. It is equally apparent that none of the parties contemplated that the note was to be presented for payment four days thereafter; or that notice of nonpayment should be given to Rosenberg, who must have known, we think, when he indorsed it, that it would not be paid at maturity. All the circumstances tend to prove at least an implied waiver at the time of the indorsement.

We think it is equally apparent that he had full notice, after the maturity of the note, that it had not been presented to the makers for payment, nor protested for nonpayment, and that with this knowledge he promised to pay it. If there had been no previous waiver, his subsequent promise to pay would bind him, under these circumstances: Keys v. Fenstermaker, 24 Cal. 330.

Judgment affirmed and remittitur directed to issue forthwith.

We concur: Sawyer, C. J.; Rhodes, J.; Sanderson, J.; Sprague, J.